ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta
JUN 16 2020
By: JAMES N. HATTEN, Clerk
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

JO ANN MACRINA

Criminal Indictment

No. 1:20-CR-216

UNDER SEAL

THE GRAND JURY CHARGES THAT:

**Count 1**
*Conspiracy to Commit Bribery*
(18 U.S.C. § 371)

1. Beginning on a date unknown, but at least from in or about 2014 to on or about May 20, 2016, in the Northern District of Georgia and elsewhere, the defendant, JO ANN MACRINA, an agent of the City of Atlanta government, knowingly and willfully conspired, agreed, and had a tacit understanding with others, including Lohrasb "Jeff" Jafari, an executive of a company that did business with the City of Atlanta, to accept and agree to accept a thing of value, intending to be influenced and rewarded in connection with any business, transaction, and series of transactions of the City of Atlanta involving at least $5,000, in violation of Title 18, United State Code, Section 666(a)(1)(B).

**Background**

At all times relevant to this indictment:

2. The City of Atlanta was the capital and most populous city in Georgia with a metropolitan area population of approximately 5.7 million people. The City of

Atlanta had an operational and enterprise budget of more than $2 billion. As a local government, the City of Atlanta received benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance during calendar years 2014, 2015, and 2016.

3. According to its website, the City of Atlanta's Department of Watershed Management served to provide "the highest quality drinking water and wastewater services to residential, businesses and wholesale customers while protecting Atlanta's urban waterways, conserving natural resources, and providing clean, safe water for downstream customers."

4. From April 2011 through May 20, 2016, MACRINA served as the Commissioner of the Department of Watershed Management.

5. As Watershed's Commissioner, MACRINA held a cabinet-level position from which she oversaw the City of Atlanta's drinking water and wastewater systems and was responsible for an annual budget exceeding $100 million.

6. At the beginning of her service, MACRINA signed an Employee Ethics Pledge with the City of Atlanta in which she agreed to, among other things:

   a. Not use her position to secure special advantages or benefits for herself, her family, or others, and avoid situations that may lead to the perception of an impropriety;

   b. Not solicit or accept money or a personal gift, meal, ticket, travel, entertainment, or other thing of value from a prohibited source; and

   c. Not be paid to work on any matter in which she was directly concerned, personally participated, or actively considered, or about which she

acquired knowledge with the City within one year of leaving City employment.

7. According to the City of Atlanta's Code of Ethics § 2-814(a)(1), certain City of Atlanta officials and employees must disclose all "positions of employment held by the official or employee in any business . . . for all or any portion of the year, including a description of the type of business and the existence and nature of any business done by the employer entity with the city." The City of Atlanta's Code of Ethics § 2-814(a)(2) further requires that these officials and employees disclose "[e]ach and every source of income from any business received by such official or employee in excess of $5,000 derived from any single source in the preceding calendar year."

8. Given her cabinet-level position, MACRINA submitted annually a Financial Disclosure Statement certifying that she: (a) held no positions of employment outside of the City of Atlanta; and (b) had not received more than $5,000 in annual income from any corporation, partnership, proprietorship, other business entity, other than the City of Atlanta.

9. PRAD Group, Inc. ("PRAD Group") was an architectural, design, and construction management and services firm with its headquarters and primary place of business in Atlanta, Georgia. Since 1984, PRAD Group performed architectural, design, and engineering services for the City of Atlanta and other municipal governments.

10. During the times relevant to this indictment, Lohrasb "Jeff" Jafari, was the Executive Vice President of PRAD Group. In that capacity, he was responsible for overseeing all of PRAD Group's activities, including but not limited to PRAD

Group's work for the City of Atlanta. During MACRINA's tenure as the Commissioner of the Department of Watershed Management, the City of Atlanta awarded contracts worth millions of dollars to PRAD Group and joint venture projects of which PRAD Group was a partner.

## Manner and Means

11. Beginning on a date unknown, but from at least from 2014 through May 20, 2016, MACRINA met with Jafari alone and with others, including other employees of the City of Atlanta, to discuss City of Atlanta procurement projects, bids, and solicitations. Often at the time of these meetings, Jafari was actively seeking contracts, projects, and work with the City of Atlanta. During this same time period, MACRINA spoke with Jafari thousands of times by telephone.

12. In July 2014, the City of Atlanta issued a request for proposal for architectural, engineering, and design services contract FC-7383 (known as the A&E contract). Vendors subsequently submitted proposals to earn an opportunity to be one of the firms to service this contract. By late 2014, evaluators chosen from various City departments met on several occasions to score the proposals. JP2, a joint venture led by PRAD Group, scored at the bottom of the rankings. MACRINA and others then decided to conduct interviews with the proponent firms and reevaluate the proposals in an effort to alter the final scores. To ensure that certain firms were ultimately selected, MACRINA replaced two evaluators that previously represented the Department of Watershed Management with herself and another individual.

13. In July 2015, JP2 was selected as one of six vendor firms for FC-7383. The contract between the City of Atlanta and JP2 was finalized in November 2015. In

January 2016, MACRINA issued two notices to proceed to JP2 for work for the Department of Watershed Management. Task Order One was valued at over $9 million. Task Order Two was valued at over $2 million.

14. During this time, MACRINA discussed potential employment with Jafari and accepted items of value from Jafari, some of which are detailed below, in exchange for or as a reward for providing Jafari with access to information and preferential treatment with respect to City of Atlanta projects. MACRINA understood that Jafari expected her to continue to meet with him on a regular basis to provide information and counsel regarding upcoming projects, and assist him in receiving the approval and payment of invoices submitted by PRAD Group to the City of Atlanta, along with other assistance that Jafari might seek, as a direct result of MACRINA's high-level position with the City of Atlanta.

15. On May 20, 2016, MACRINA's employment ended with the City of Atlanta. Shortly thereafter, MACRINA began working for Jafari and PRAD Group. Between June 2016 and September 2016, Jafari and/or PRAD Group paid MACRINA $30,000 via four separate payments.

### Overt Acts

16. Beginning on a date unknown, but at least by the summer of 2015 through May 2016, Jafari and MACRINA discussed MACRINA terminating her employment with the City of Atlanta and joining PRAD Group. MACRINA understood that she would serve as an executive with PRAD Group and that she would work on projects relating to her expertise in watershed management. As an executive of PRAD Group, MACRINA would benefit directly from the City of Atlanta work that she was directing to PRAD Group as Watershed Commissioner.

17. In April and May 2016, MACRINA accepted money and other items of value from Jafari, including but not limited to:

    a. $10,000 in cash;

    b. Jewelry;

    c. A room at a luxury hotel in Dubai, UAE; and

    d. Landscaping work at her metro-Atlanta home.

MACRINA did not disclose any of the money, items, or services received from Jafari on her City of Atlanta Financial Disclosure Statement.

18. Between June 2016 and September 2016, Jafari and/or PRAD Group paid MACRINA $30,000 via four separate payments. MACRINA did not disclose this income on her City of Atlanta Financial Disclosure Statement or her 2016 United States Individual Income Tax Return.

All in violation of Title 18, United States Code, Section 371.

## Count 2
*Bribery*
(18 U.S.C. § 666)

19. The Grand Jury re-alleges and incorporates by reference the factual allegations from Paragraphs 1 through 18 as if fully set forth herein.

20. From on or about January 1, 2016 to on or about May 20, 2016, in the Northern District of Georgia and elsewhere, the defendant, JO ANN MACRINA, an agent of the City of Atlanta, Georgia, corruptly accepted and agreed to accept a thing of value from another person, with the intent to be influenced and rewarded in connection with a transaction and series of transactions of the City of Atlanta government involving at least $5,000.

All in violation of Title 18, United States Code, Section 666(a)(1)(B).

### Count 3
*(Aiding and Abetting the Preparation of False Tax Returns – 26 U.S.C. § 7206)*

20. The Grand Jury re-alleges and incorporates by reference the factual allegations from Paragraphs 1 through 18, as if fully set forth herein.

21. On or about January 31, 2018, in the Northern District of Georgia and elsewhere, defendant JO ANN MACRINA, willfully aided and assisted in, and did procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of a 2016 United States Individual Income Tax Return (Form 1040), and which MACRINA did not believe to be true and correct as to every material matter, namely MACRINA represented that her total income for 2016 was $158,917 (on line 22), when she then and there knew that was not an accurate statement of her total income.

All in violation of Title 26, United States Code, Section 7206(2).

BYUNG J. PAK
  *United States Attorney*

*Jill Steinberg*
JILL E. STEINBERG
  *Assistant United States Attorney*
Georgia Bar No. 502042

JEFFREY W. DAVIS
  *Assistant United States Attorney*
Georgia Bar No. 426418

A  *True*  BILL

*James S. Billingsley*
  FOREPERSON

600 U.S. Courthouse ▪ 75 Ted Turner Drive, SW
Atlanta, GA 30303 ▪ 404-581-6000