IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

```
UNITED STATES OF AMERICA       )
                               )
           v.                  )    Case No. 1:20-CR-216-SCJ-LTW
                               )
JO ANN MACRINA                 )
_____)
```

### DEFENDANT'S MOTION TO EXCLUDE EVIDENCE ABOUT COMPENSATION SHE RECEIVED FROM A PRIVATE EMPLOYER AFTER SHE CONCLUDED HER GOVERNMENT SERVICE

The Indictment contends that Defendant Jo Ann Macrina violated 18 U.S.C. § 666(a)(1)(B) by, among other things, accepting payments from a private company for work she performed after her employment had ended with the City.  Because these payments Ms. Macrina earned following her City employment are explicitly permitted by § 666(c) they cannot serve as the basis for a § 666(a)(1)(B) conviction.  Therefore, evidence of these payments should be excluded under Rules 401 and 403.

By its own terms, § 666 "does not apply" to "bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business." § 666(c).  That statutory safe harbor encompasses the PRAD payments Ms. Macrina received after she finished her employment with the City.  Indeed, paragraphs 15-16 of the Indictment allege that Ms. Macrina became

1

"an executive with the PRAD Group" after she finished her employment with the Department of Watershed Management, that she worked for PRAD on "projects relating to her expertise in watershed management," and that she received payments from PRAD for her labor.  (Doc. 1, ¶15-16). The statute that Ms. Macrina is alleged to have violated, § 666(a)(1)(B), therefore does not apply to the compensation Ms. Macrina earned and received for her PRAD labor because she was entitled to receive it.  See, e.g., United States v. Schmitz, 634 F.3d 1247, 1274 n.13 (11th Cir. 2011) ("[A] salary is not bona fide or earned in the usual course of business under § 666(c) if the employee is not entitled to the money."); see also United States v. Mann, 172 F.3d 50 (6th Cir. 1999).  Therefore, the PRAD payments are not relevant and should be excluded under Rules 401 and 403.

## LEGAL STANDARD

Under the Federal Rules, evidence is admissible only if has a "tendency to make a fact more or less probable than it would be without the evidence," and that fact "is of consequence in determining the action." Fed. R. Evid. 401. Even otherwise admissible evidence may be excluded it "if its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid.

403. '"Unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." Old Chief v. United States, 519 U.S. 172, 180 (1997). "Evidentiary rulings under Rule 403 are committed to the broad discretion of the court." United States v. LaChance, 817 F.2d 1491, 1497 (11th Cir. 1987).

### FACTUAL BACKGROUND

The Indictment alleges that PRAD was "an architectural, design, and construction management and services firm with its headquarters and primary place of business in Atlanta, Georgia." (Doc. 1, ¶9).  Further, the Indictment states: "Since 1984, PRAD Group performed architectural, design, and engineering services for the City of Atlanta and other municipal governments." (Id.)

According to the Indictment, after Ms. Macrina finished her employment with the Department of Watershed Management, she became an executive with PRAD, performed work for PRAD, and received compensation for that work:

> On May 20, 2016, MACRINA's employment ended with the City of Atlanta. Shortly thereafter, MACRINA began working for Jafari and PRAD Group.  Between June 2016 and September 2016, Jafari and/ or PRAD Group paid MACRINA $30,000 via four separate payments….

> Macrina understood that she would serve as an executive with PRAD Group and that she would work on projects relating to her expertise in watershed management.

(Doc. 1, ¶¶15, 16)

Notably, the Indictment does <u>not</u> allege that Ms. Macrina's PRAD job was a sham or that Ms. Macrina was not entitled to the compensation she received based on the legitimate work she performed for PRAD.

### **ARGUMENT**

The payments Ms. Macrina earned from PRAD through work she performed after she finished her City employment fall within § 666(c), the statutory safe harbor.  Because the PRAD payments cannot serve as the basis for conviction under § 666(a)(1)(B), evidence and argument about them should be excluded from trial under Rules 401 and 403.

The statute alleged in the indictment is § 666(a)(1)(B).  This subsection generally applies when the accused person receives "anything of value,".  However, § 666(c) carves out a category of benefits that are excluded.  § 666(c) states that § 666(a)(1)(B) "does not apply to bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business."

The touchstone for the safe harbor in § 666(c) is whether the recipient of the payment at issue was entitled to the funds paid. See*, e.g.*, <u>United States v. Schmitz</u>, 634 F.3d 1247, 1274 n.13 (11th

Cir. 2011) ("[A] salary is not bona fide or earned in the usual course of business under § 666(c) <u>if the employee is not entitled to the money</u>.") (emphasis added); BONA FIDE, Black's Law Dictionary (11th ed. 2019) ("1. Made in good faith; without fraud or deceit. 2. Sincere; genuine.").

§ 666(c) protected the PRAD payments because, as the Indictment alleges, Ms. Macrina was entitled to receive them. (Doc. 1, ¶¶15, 16). The Indictment does not allege that Ms. Macrina was not entitled to the compensation she received from PRAD for work she performed after she finished her City employment. Put differently, the Indictment does not allege Ms. Macrina's PRAD job was a sham, that it was a "no show" job, that Ms. Macrina did little work for the pay she received, that Ms. Macrina was unqualified for the job, that Ms. Macrina was overpaid for the work she performed, or anything of the sort. To the contrary, the Indictment plainly alleges that after Ms. Macrina left the City of Atlanta she "began working for Jafari and PRAD Group." (Doc. 1, ¶15). Elsewhere, the Indictment notes that Ms. Macrina's PRAD work "relat[ed] to her expertise in watershed management." (*Id.* at ¶16). Therefore, under § 666(c), the compensation Ms. Macrina earned from her labor for PRAD cannot support a § 666(a)(1)(B) prosecution.

Courts have repeatedly dismissed indictments under § 666(c)

that fail to allege (like the Indictment here) that an accused was not entitled to certain payments alleged to be bribes. See, e.g., United States v. Mann, 172 F.3d 50 (6th Cir. 1999) (affirming dismissal of indictment based on § 666(c) and finding, in part, "the indictment does not allege that the jobs in question were unnecessary or that the individuals who obtained those employment positions did not responsibly fulfill the duties associated with their employment. In the absence of such allegations, the government has no support for its claims that the salaries paid to the deputy sheriffs were not properly earned 'in the usual course of business.'"); United States v. Mills, 140 F.3d 630, 634 (6th Cir. 1998) (affirming dismissal of indictment based on § 666(c) and finding, in part, "the government failed to allege that the salaries received by individuals who paid bribes to obtain employment positions within the Shelby County government were unnecessary or unjustified.").

This Court should exclude evidence and argument about the PRAD payments because they are not relevant to the question of whether Ms. Macrina violated § 666(a)(1)(B). Admission of evidence and argument about those payments would confuse and mislead the jury into thinking otherwise, and in doing so, substantially prejudice Ms. Macrina.

## CONCLUSION

The PRAD payments alleged in the Indictment are covered by the safe harbor provision in § 666(c).  As a result, the Court should prohibit the government from presenting evidence about the payments, which Ms. Macrina earned by performing work for PRAD after her employment with the City of Atlanta had ceased.

This 6th day of September 2022.

Respectfully submitted,

*/s/ Paul S. Kish*
**PAUL S. KISH**
Georgia State Bar No. 424277
*/s/ David H. Bouchard*
**DAVID H. BOUCHARD**
Georgia State Bar No. 712859

Attorneys for JO ANN MACRINA

Paul S. Kish
Kish Law LLC
229 Peachtree Street, NE
Suite 2505
Atlanta, Georgia 30303
404-207-1338
paul@kishlawllc.com

David H. Bouchard
Finch McCranie, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
404-658-9070; Fax 404-688-0649
david@finchmccranie.com

CERTIFICATE OF COMPLIANCE WITH L.R. 5.1

I hereby certify that the foregoing document was prepared in Courier 12-point font, double-spaced, with a top margin of not less of 1.5 inches and a left margin of not less than 1 inch.

/s/ Paul S. Kish
**PAUL S. KISH**
Georgia State Bar No. 424277
**DAVID H. BOUCHARD**
Georgia State Bar No. 712859

Attorneys for JO ANN MACRINA

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing filing into this District's ECF System, which will automatically forward a copy to counsel of record in this matter.

Dated: This 6th of September, 2022.

/s/ Paul S. Kish
**PAUL S. KISH**
Georgia State Bar No. 424277
**DAVID H. BOUCHARD**
Georgia State Bar No. 712859

Attorneys for JO ANN MACRINA

Paul S. Kish
Kish Law LLC
229 Peachtree Street, NE
Suite 2505
Atlanta, Georgia 30303
404-207-1338
paul@kishlawllc.com

David H. Bouchard
Finch McCranie, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
404-658-9070; Fax 404-688-0649
david@finchmccranie.com