# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

JO ANN MACRINA

CRIMINAL CASE

No. 1:20-CR-216-SCJ

## <u>ORDER</u>

This matter appears before the Court on the Final Report and Recommendation (R&R) issued by the Honorable Linda T. Walker, U.S. Magistrate Judge, on October 26, 2021 (Doc. No. [62])[1]. The R&R addresses two related issues. First, whether the Government is required to produce all notes related to the FBI's interviews with Defendant. <u>Id.</u> at 3; Doc. No. [49]. Second, whether the Government is required to produce all materials related to Defendant's cooperation up to and including February 19, 2019, pursuant to

_____

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

Brady v. Maryland, 373 U.S. 83 (1963). Doc. Nos. [62], 3; [47].  Judge Walker recommended that both motions be denied. Doc. No. [62]. Defendant filed objections to the R&R. Doc. No. [66].

## I.      BACKGROUND

The Court derives the following facts from the R&R (Doc. No. [62]), Defendant's Motions (Doc. Nos. [47], [49]), and the Government's Responses (Doc. Nos. [52], [53]). The Court construes the facts in the light most favorable to the Defendant.

### A.      Factual Background

On June 16, 2020, a grand jury in the Northern District of Georgia returned a three-count indictment against Defendant, charging Defendant with conspiring to commit bribery, accepting bribes, and aiding and abetting the preparation of a false tax return. Doc. No. [1].

From December 2011 to May 20, 2016, Defendant was the director of Atlanta's Department of Watershed Management. Doc. No. [62], 1–2. The day after Defendant was fired from this position, Defendant contacted the Federal Bureau of Investigations ("FBI") and offered to provide information concerning public corruption in the City of Atlanta ("COA"). Id. at 2. Over the next two and

2

a half years, Defendant met with FBI agents and various Assistant United States Attorneys 28 times. Doc. No. [66], 2.

On February 21, 2019, FBI agents and prosecutors met with Defendant for a final interview before the United States obtained an indictment against Lohrasb "Jeff" Jafari, a target of a DOJ investigation. Doc. No. [47], 3; United States v. Jafari, 1:19-CR-0078-SCJ-LTW. This meeting constituted the 25th meeting between Defendant and the Government. Doc. No. [47], 3. Defendant believed that this was the final preparation session before the grand jury proceedings in Mr. Jafari's case. Id.   Towards the end of that meeting, FBI agents contend that Defendant admitted to accepting money from Mr. Jafari. Id. at 3–4.

On March 4, 2019, Defendant and the FBI had another meeting, which was recorded without Defendant's knowledge. Id. at 4. At that meeting, the FBI agents stated that in prior interviews, they asked Defendant whether she accepted anything of value from any COA contractor. Id. Defendant states that she was never asked that question, and the FBI-302 reports ("302 reports"), which were produced to Defendant, make no mention of any such questions. Id.

### B.   Pending Motions

Defendant filed two motions to obtain materials related to Defendant's interviews with the Government up to and including February 19, 2019. Doc. No. [47], [49]. Defendant argues first that under Brady, she is entitled to all reports and other materials related to Defendant's cooperation with the Government until February 19, 2021. Doc. No. [47], 7. Specifically, Defendant asks for any Government assessments showing that Defendant was truthful and cooperative. Id. at 7–8.

Defendant's second motion argues that Defendant is entitled to all interview notes taken up to and including February 19, 2019. Doc. No. [49]. Defendant argues that these notes are material to her preparation of a defense because they show that up to and including February 19, 2019, no one asked Defendant whether she accepted anything of value. Id. at 6. Specifically, Defendant requests the notes because "[i]f the rough notes back up the typed 302 reports, this would greatly corroborate the defense position that no such questions were asked before the 25th interview." Id.

The Government responded in opposition to these Motions. Doc. Nos. [52], [53]. First, the Government argues that the Brady Motion seeks opinion work

4

product, which is shielded from disclosure. Doc. No. [53], 3. The Government also argues that Defendant's <u>Brady</u> request was general, which gives the Government broad latitude to determine what information must be disclosed. <u>Id.</u> at 4. And the evidence sought was not a required disclosure under <u>Brady</u>. <u>Id.</u>

Second, the Government argued that it is not required to disclose the interview notes. Doc. No. [52]. The Eleventh Circuit does not require the Government to produce interview notes. Doc. No. [52], 2. Rule 16 of the Federal Rules of Criminal Procedure does not require the Government to disclose interview notes to the Defendant because the interview notes are not material to the defense. <u>Id.</u> at 3–4. <u>Brady</u> does not create an obligation for the Government to disclose the interview notes to Defendant because this evidence is cumulative and not exculpatory. <u>Id.</u> at 4–6.

Defendant replied, arguing that the Court should conduct an evidentiary hearing on whether <u>Brady</u> requires disclosure of these materials  (Doc. No. [57]), and conduct an *in camera* review of the interview notes to determine whether they should be disclosed (Doc. No. [56]).

C.    **The R&R and Objections**

1.    *R&R*

The R&R recommended denying Defendant's <u>Brady</u> Motion. First, the R&R found that Defendant's <u>Brady</u> request was general, and the Government has wide latitude in determining what information must be disclosed. Doc. No. [62].

> Defendant requests "any statements made by any government agent or official to the grand jury considering the indictment against Mr. Jafari." [Id. at 5]. Defendant requests "all reports and other Government materials related to [her] cooperation up until the February 19, 2019 meeting." [Doc. 49 at 7]. That includes "any report, statement, email, text message or other communication developed by or presented to the [FBI] agents . . . if the material discusses the quality and accuracy of the information that Defendant provided to the Government." [Doc. 57 at 4]. And while Defendant backs away in her reply brief, her initial Brady motion also requested "any assessments by anyone on the prosecution team concerning the truthfulness, usefulness and completeness of [her] cooperation until February 19, 2019." [Id.] (emphasis added).

<u>Id.</u> at 5–6. The R&R concluded that these generalized requests allow the Government to decide which information must be disclosed. <u>Id.</u> at 6 (citing <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39, 59 (1987)). And the Government has fulfilled its obligations. <u>Id.</u>

6

Second, the R&R concluded that the documents requested were not material because it was not until after the February 19, 2019 interview that the circumstances giving rise to the charges were discussed. Id. at 7. Specifically, "[t]he fact that agents might have thought Defendant was truthful when they were discussing other matters that had nothing to do with Defendant allegedly receiving bribes from Jafari would not 'put the whole case in such a different light as to undermine confidence in the verdict.'" Id. (citing Kyles v .Whitley, 514 U.S. 419, 435 (1995)). Finally, Defendant already possesses records demonstrating that the Government believed she was truthful and helpful before February 19, 2019. Id. at 8.

The R&R also recommended denying Defendant's request to disclose the interview notes. First, the R&R notes that Defendant has written 302 reports documenting the meetings between Defendant and the Government. Id. at 8–9. The R&R concludes that Defendant's request for the interview notes is cumulative because she seeks them to corroborate the 302 reports. Id. at 9. Additionally, the R&R held that binding Eleventh Circuit precedent states that interview notes are not material under Rule 16 of the Federal Rules of Criminal Procedure because they would not "significantly alter the quantum of proof in

7

[Defendant's] favor." Id. at 11 (citing United States v. Jordan, 316 F.3d 1215, 1251(11th Cir. 2003)). Finally, the R&R distinguished Judge Baverman's recommendation in United States v. Harrison, No. 1:06-CR-311-ODE-AJB, 2007 WL 9747384 (N.D. Ga. Feb. 27, 2007), report and recommendation adopted, 2007 WL 9747382 (N.D. Ga. May 2, 2007). In Harrison, Judge Baverman required the Government to produce interview notes for *in camera* inspection to determine whether they were inconsistent with the 302 reports. Id. at 10 (citing Harrison, 2007 WL 974384, at *10). The R&R notes that in the case *sub judice,* an *in camera* inspection is not required because Defendant's request that the Government disclose the interview notes to show that they are consistent with the 302 reports, not that the interview notes and the 302 reports are inconsistent like in Harrison. Doc. No. [62], 10.

### 2.   *Objections*

Defendant first objects to the Magistrate's decision not to hold an evidentiary hearing, arguing that a hearing was necessary to provide a complete record. Doc. No. [66], 1–4. Second, Defendant argues that the R&R's recommendation regarding the interview notes erred because (1) there is a lack of factual background in the record (id. at 4–5); (2) the interview notes are

8

material to Defendant's case (id. at 5–7); the interview notes are not cumulative evidence (id. at 7–8); and the R&R improperly relied on non-binding case law (id. at 8–11). Finally, Defendant argues that the Magistrate erred in declining to hold an evidentiary hearing on the disclosure of Brady materials. Id. at 11–13.

The Government did not respond to the objections. The Court now rules as follows.

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1), the Court must conduct a de novo review of those portions of the R&R to which Defendant has timely and specifically objected. The Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667 (1980). The district judge must "read the transcript of the hearing before a magistrate on a motion to suppress, before adopting the magistrate's recommendation." United States v. Elsoffer, 644 F.2d 357, 358 (5th Cir. 1981) (per curiam).[2]

_____

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

For a party's objections to warrant de novo review, she "must clearly advise the district court and pinpoint the specific findings that [she] disagrees with." United States v. Schultz, 565 F.3d 1353, 1360 (11th Cir. 2009). The Eleventh Circuit has noted that "[p]arties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988). The remainder of the R&R, to which neither party offers specific objections, will be assessed for clear error only. See Tauber v. Barnhart, 438 F.Supp.2d 1366, 1373 (N.D. Ga. 2006) ("[I]ssues upon which no specific objections are raised do not so require de novo review; the district court may therefore 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,]' applying a clearly erroneous standard.") (quoting 28 U.S.C. § 636(b)(1)).

## III.   ANALYSIS

The Court finds that the R&R is due to be adopted in full.

### A.    Evidentiary Hearing

The Court finds that the Magistrate did not abuse its discretion[3] by not holding an evidentiary hearing. "We review the district court's decision not to hold an evidentiary hearing only for an abuse of discretion." Fla. Wildlife Fed'n Inc v. Adm'r, U.S. Env't Prot. Agency, 620 F. App'x 705, 708 (11th Cir. 2015) (citing Loyd v. Ala. Dep't of Corr., 176 F.3d 1336, 1339 (11th Cir. 1999)). In other contexts, the Eleventh Circuit held that a magistrate judge's decision to hold an evidentiary hearing is also evaluated for an abuse of discretion. See Spears v. Warden, 605 F. App'x. 900, 905 (11th Cir. 2015) ("[T]he decision as to whether to hold an evidentiary hearing on equitable tolling is committed to the sound discretion of the district court[.]"); see also Alvear v. United States, 1:13-CR-45-AT-JSA-1, 2016 WL 6310622, at * 1(N.D. Ga. Oct. 28, 2016) (finding that the magistrate judge did not abuse its discretion in denying an evidentiary hearing concerning a § 2255 motion).

Defendant argues that an evidentiary hearing is necessary to "make sure that record in this matter is complete." Doc. No. [66], 2. The Court disagrees.

---

[3]  The Court does not review the objection to the decision not to hold an evidentiary hearing de novo because it was not a finding or Recommendation of the Magistrate. See 28 U.S.C. § 636(b)(1).

Under Eleventh Circuit jurisprudence, "it is not an abuse of discretion to refuse to hold an evidentiary hearing where none of the material facts are in dispute" and when the court had "all necessary facts to make a just and equitable determination of the case." Fla. Wildlife, 620 F. App'x at 708 (citing McDonald's Corp. v. Robertson, 147 F.3d 1301, 1312–13 (11th Cir.1998); United States v. Diaz, 811 F.2d 1412, 1414 (11th Cir. 1987)).

Here, the Magistrate construed all facts in favor of Defendant. Doc. No. [62], 1. Defendant's objections do not argue that the Parties disputed a material fact. Doc. No. [66], 2–4. At best, Defendant argues that the Court would benefit from additional evidence before making a decision. Id. at 2. Additionally, the Magistrate had all the necessary facts to decide these Motions. Defendant's briefing makes clear that she is in possession of the 302 reports, Defendant requests interview notes to confirm the contents of the 302 reports, and Defendant issued general Brady requests. Doc. Nos. [49], 3; [66], 12. This was the evidence that the Magistrate deemed necessary to determine whether a disclosure was necessary under Rule 16(a)(1)(E) and Brady. Doc. No. [62]. Accordingly, the Court finds that the Magistrate did not abuse its discretion when declining to hold an evidentiary hearing.

12

**B.**     <u>**Interview Notes**</u>

*1.     Factual Background*

The Court adopts the factual findings in the R&R. Defendant did not specifically object to any factual finding in the R&R. Doc. No. [66], 4–5. Defendant's objection seems to be focused solely on the Magistrate's decision not to hold an evidentiary hearing. <u>Id.</u> Defendant states, "[a]n evidentiary hearing would have provided this Court with a much fuller picture of what happened. Instead, the R&R has a 'he says/ she says' recitation of what supposedly took place." <u>Id.</u> at 5. Because Defendant did not "advise the [ ] [C]ourt and pinpoint to specific finds that she disagrees with," the Court reviews the factual background section for clear error. <u>Schultz</u>, 565 F.3d at 1360. Under the clear error standard, the Court finds that the R&R reviewed the facts in the light most favorable to Defendant when deciding the pending Motions. Accordingly, the Court adopts the R&R's factual findings.

To the extent that Defendant objects to the lack of an evidentiary hearing, as stated above, the Magistrate did not abuse its discretion when declining to hold an evidentiary hearing about the interview notes.

13

### 2.   *Need for the Interview Notes*

The Court finds that the Government is not required to disclose the interview notes under Rule 16 of the Federal Rules of Criminal Procedure. Defendant argues that she is entitled to the interview notes under Fed. R. Crim P. 16(a)(1)(E), Doc. No. [47], 6. The Rule provides, in relevant part,

> (E) Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense

Fed. R. Crim. P. 16(a)(1)(E)(i).

The Eleventh Circuit in <u>Jordan</u> squarely addressed the test for whether certain documents were material under this portion of Rule 16. "[T]he defendant must 'show' 'more than that the [item] bears some abstract logical relationship to the issues in the case . . . . There must be some indication that the pretrial

14

disclosure of the [item] would . . . enable [ ] the defendant significantly to alter the quantum of proof in his favor.'" <u>Jordan</u>, 316 F.3d at 1251.[4]

The Court finds that the interview notes are not material to preparing a defense. The "touchstone of materiality is a 'reasonable probability of a different result." <u>Kyles</u>, 514 U.S. at 434. Here, Defendant argued that the interview notes are "material to the defense by showing that no one asked such questions and that the Government is now trying to deflect blame on Ms. Macrina for the lack of diligent questioning." Doc. No. [47], 6. The Court disagrees that disclosing the interview notes will materially offer a reasonable probability of a different result in this Action. Defendant already has the 302 reports, which reflect that the FBI agents did not ask whether Defendant accepted anything of value up to and including February 19, 2019. <u>Id.</u> There is not a reasonable probability that the interview notes will result in a different outcome in this Action. The interview notes are sought to bolster the evidence that is already in Defendant's possession. Meaning that disclosing the interview notes will not alter the quantum of proof

---

[4] <u>Jordan</u> interprets Fed. R. Crim. P. 16(a)(1)(C). Following the decision in <u>Jordan</u>, however "Rule 16(a)(1)(c) [was] redesignated as subparagraph (a)(1)(E))." Fed. R. Crim. P. 16, advisory committee note to 2013 amendment (internal punctuation omitted). The note goes on to prove that "the 2002 restyling of Rule 16 was intended to work no substantive change." <u>Id.</u>

in this Action. As such, the R&R did not err when finding that Rule 16(a)(1)(E) does not require the Government to disclose the interview notes.

Defendant argued that the interview notes are material because she anticipates that the testifying FBI agents will "use their notes as a way of trying to explain why their written reports contain no mention of earlier questions to Ms. Macrina concerning accepting things of value from COA contractors." Doc. No. [56], 8. If a witness testifies at trial about contents contained in his or her interview notes, these interview notes may be subject to the Jencks Act. The Jencks Act requires the Government to produce the statements of a witness when the witness is tendered for cross-examination. 18 U.S.C. § 3500(a), (b). "[I]f the agent is called as a witness, these statements—depending on the scope of the agent's testimony on direct examination—may constitute <u>Jencks</u> material." <u>Jordan</u>, 316 F.3d at 1252. If and when an FBI agent testifies that he or she has notes showing that Defendant was asked about accepting anything of value prior to February 19, 2019, Defendant may be entitled to the interview notes under the Jencks Act. However, Defendant is not entitled to pretrial disclosure of these interview notes under Rule 16(a)(1)(E).

Defendant also argues that the Magistrate erred because the R&R relies on the Eleventh Circuit's decision in <u>Jordan</u>, which <u>Harrison</u> ruled was *dicta*. Doc. No. [66], 8. In <u>Harrison</u>, the defendant sought disclosure of interview notes pursuant to Rule 16(a)(1)(B)(ii). <u>Harrison</u>, 2007 WL 9747382, at *9–10. Judge Baverman held that <u>Jordan</u> was not applicable in that case because the <u>Jordan</u> court did not discuss the changes made to Rule 16(a)(1)(B)(ii) after the 1991 amendment. <u>Id.</u> In the case *sub judice*, Defendant did not request the interview notes pursuant to Rule 16(a)(1)(B)(ii). Doc. No. [49], 6. Defendant sought the interview notes pursuant to Rule 16(a)(1)(E), which was not amended in 1991. <u>Id.</u>; Fed. R. Crim. P. 16, advisory committee note to the 1991 amendment. Accordingly, the Court does not deem <u>Harrison</u> persuasive in this case.[5]

Additionally, the Court finds that Judge Baverman's reasoning for conducting an *in camera* review of the interview notes is not persuasive in this case. Judge Baverman reasoned that an *in camera* review was proper because

---

[5] Defendant also cites to cases outside of this circuit to show that interview notes may be disclosed pursuant to Rule 16 of the Federal Rules of Criminal Procedure. Doc. No. [47], 6–7 (citing <u>United States v. Ferguson</u>, 478 F. Supp. 2d 220, 235–38 (D. Conn. 2007); <u>United States v. Stein</u>, 424 F. Supp. 2d 720, 728–29 (S.D.N.Y. 2006); <u>United States v. Vallee</u>, 380 F. Supp. 2d 11 (D. Mass. 2005)). These cases are similarly unpersuasive because they all cite to Rule 16(a)(1)(B)(ii) in support of disclosure and not Rule 16(a)(1)(E).

there was a split in authority about the interpretation of Rule 16(a)(1)(B)(ii). Defendant has not pointed to any split in authority as to whether interview notes are material under Rule 16(a)(1)(E). Accordingly, the Court does not find a need for an *in camera* inspection of the interview notes.

The Court adopts the Magistrate's finding that the Government is not required to disclose the interview notes under Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure. The Court also declines to order an *in camera* inspection of the interview notes.

### 3.   *Cumulative*

The Court adopts the R&R's finding that the interview notes are cumulative and are not material within the meaning of Brady. Defendant objects to the R&R's finding that the interview notes are cumulative because "the R&R failed to comprehend . . . [that] Defendant is trying to assure that the agents cannot wriggle out of the fact that no earlier typed final report shows any questions directed at Ms. Macrina about accepting 'things of value.'" Doc. No. [66], 7. The Court disagrees and finds that the interview notes are not subject to disclosure under Brady because they are cumulative evidence. The Eleventh Circuit in United States v. Muzio, 663 F. App'x 845, 850 (11th Cir. 2016) held that

18

there was no <u>Brady</u> violation for failing to disclose 302 reports because the information contained in the 302 reports was consistent with the trial testimony and with other information that was disclosed before trial. "Because the information had been disclosed by the government in other forms, the court concluded, no <u>Brady</u> violation had occurred, as [Defendant] was well aware of the essential facts necessary to take advantage of any exculpatory evidence." <u>Id.</u>

Here, like in <u>Muzio</u>, the Government has provided Defendant with the 302 reports, which do not mention any questions regarding Defendant's acceptance of things of value prior to February 19, 2019. Doc. No. [47], 4. Defendant seeks the interview notes as additional sources of proof that the FBI agents did not question Defendant about accepting things of value prior to February 19, 2019. <u>Id.</u> at 6. Thus, <u>Brady</u> does not require the Government to disclose the interview notes because it has already disclosed this information to Defendant in other forms. Accordingly, the Court adopts the Magistrate's finding that the interview notes are cumulative.

### C.    **Brady Motion**

The Court adopts the R&R's findings as to the <u>Brady</u> Motion. Defendant's objection is based on the lack of an evidentiary hearing that "would have allowed

this Court to have a fuller record." Doc. No. [66], 12. As stated above, the decision to hold an evidentiary hearing is in the sound discretion of the Magistrate, and the Magistrate did not abuse that discretion by declining to hold an evidentiary ruling. Here, Defendant argued that an evidentiary hearing was necessary to determine whether Defendant's <u>Brady</u> requests were, in fact, general. Defendant concedes that "these requests appear on the surface to be merely a 'general request' which is insufficient to trigger the constitutional protections enshrined in <u>Brady</u> and subsequent cases and rules." Doc. No. [66], 12. "In the typical case where a defendant makes only a general request for exculpatory material under [<u>Brady</u>], it is the [Government] that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final. <u>Ritchie</u>, 480 U.S. at 59. Defendant did not argue that the Government failed to provide exculpatory evidence. Accordingly, the R&R correctly denied Defendant's <u>Brady</u> request.

## IV.   CONCLUSION

For the foregoing reasons, the Final R&R issued on October 26, 2022 (Doc. No. [62]) is **ADOPTED IN FULL**. Defendant's Motion for Production of Rough

Notes ([Doc. 47]) and her Motion for Production of Brady materials ([Doc. 49])

are **DENIED**.



**IT IS SO ORDERED** this ___6th___ day of September, 2022.


HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

21