IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| | **CRIMINAL CASE** |
| v. | **No. 1:20-CR-00216-SCJ** |
| **JO ANN MACRINA** | |

## ORDER

This matter appears before the Court on the Government's Motion in Limine. Doc. No. [85].[1] Defendant responded in opposition. Doc. No. [88]. The Court now rules as follows.

The Government's motion seeks to exclude eight types of evidence. Id. at 1–2. These types are as follows: (1) potential penalties or collateral consequences;

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

(2) good character; (3) charging decisions; (4) jury nullification; (5) discovery issues at trial; (6) impeachment through investigative reports; (7) self-serving hearsay statements; and (8) subsequent tax actions. Id.

Defendant responded. Doc. No. [88]. Defendant concedes that types (1), (4), and (5) are excludable. See id. at 19 ("Ms. Macrina understands that potential penalties, . . . jury nullification, and discovery disputes are generally off limits to both sides."). Similarly, Defendant does not address whether investigative reports to impeach witnesses are admissible. See id. at 18–19 (lacking discussion about whether to admit investigative reports). Defendant does argue that (2), (3), (7), and (8) should be denied. Doc. No. [88], 1–2, 19. The Court now rules as follows.

    **A.**    <u>**Uncontested Motions in Limine**</u>

        *1.*    *Potential Penalties or Collateral Consequences*.

The Government seeks to preclude "evidence or arguments about the potential penalties or collateral consequences associated with a conviction for the charged offenses." Doc. No. [85], 3. Defendant concedes. See Doc. No. [88], 19.

The Court thus precludes Defendant from introducing evidence regarding potential penalties and collateral consequences because "[t]he jury's role is to

2

determine guilt or innocence, and it should reach its verdict without regard to the potential sentence imposed." United States v. Bergman, 852 F.3d 1046, 1073 (11th Cir. 2017). "Information as to the severity of the sentence the defendant faces is extrinsic and prejudicial, and the trial court is within its discretion to restrict cross-examination that would reveal such information to the jury." United States v. Denham, 437 F. App'x 772, 777 (11th Cir. 2011). "Information regarding the consequences of a verdict is therefore irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." Shannon v. United States, 512 U.S. 573, 579, (1994). Accordingly, all arguments and evidence regarding Defendant's potential penalties and collateral consequences are excluded.

### 2. *Jury Nullification*.

The Government argues that "federal courts have universally excluded evidence and arguments that encourage jury nullification." Doc. No. [85], 12. Here, the Government provides three examples of evidence or argument "designed to encourage jury nullification." Id. at 13. First, "discussing her [*i.e.,*

Defendant's] divorce. Id. Second, "suggesting that [Defendant] offered valuable cooperation to the government's corruption investigations[.]" Id. *And third*, "contending that the government prosecuted [Defendant] for a vindictive or improper purpose based on other City of Atlanta corruption investigations." Id. Defendant again concedes. See Doc. No. [88], 19.

After review of the relevant authority, Defendant is thus precluded from arguing for jury nullification. See U.S. v. Funches, 135 F.3d 1405, 1409 (11th Cir. 1998) ("the jury enjoys no right to nullify criminal laws, and the defendant enjoys a right to neither a nullification instruction nor a nullification argument to the jury, the potential for nullification is no basis for admitting otherwise irrelevant evidence"). Accordingly, all irrelevant evidence that is offered for jury nullification is excluded.

### 3. *Discovery Issues at Trial*.

The Government requests that this Court addresses any discovery issues during the trial "outside the presence of the jury," as such issues "are irrelevant to the jury's function and may create the impression that one party has suppressed information to seek an unfair tactical advantage at trial." Doc. No. [85], 14. Instead, the Government suggests that "the parties can address any

discovery-related issues outside the presence of the jury with no resulting prejudice." Id. Defendant concedes this point too. See Doc. No. [88], 19.

Accordingly, this Court will address all discovery issues during the trial outside of the jury's presence. This ruling follows courts in the district and elsewhere that have granted motions in limine to exclude any reference of discovery-related issues in the presence of the jury. See, e.g., United States v. Cochran, 4:13-CR-022-HLM-WEJ, 2014 WL 12695800, at *4 (N.D. Ga. Nov. 17, 2014) ("The Court will require the Parties to take up any comments or issues relating to discovery outside the presence of the jury."); United States v. Lepore, 1:15-cr-367-WSD-JKL, 2016 WL 4473125, at *7 (N.D. Ga. Aug. 25, 2016) ("Discovery issues are not relevant to the jury's function and will, if necessary, be addressed outside the jury's presence."); United States v. Gray, No. 2:07-CR 166, 2010 WL 1258169, at *3 (N.D. Ind. Mar. 26, 2010) (granting the government's "motion to preclude request of discovery from witnesses or opposing counsel, moving the court for such discovery or otherwise commenting on discovery matter in the presence of the jury" and noting that "[a]ny necessary requests for or comments about discovery can be made outside the jury's presence").

### 4. *Impeachment Through Investigative Reports*.

The Government moves "to preclude [Defendant] from (a) cross-examining or seeking to impeach a witness with non-verbatim reports that have not signed or adopted by the witness; and (b) quoting, publishing, or suggesting to the jury that the contents of an investigative report [are] a statement of the witness." Doc. No. [85], 15. Defendant neither disputes nor concedes this point. See Doc. No. [88], 18–19 (failing to address witness impeachment).

After reviewing the relevant authority, the Court upholds the Government's arguments and citations to authority. See Doc. No. [85], 15–17 (collecting authority). Therefore, the Court prohibits the use of "non-verbatim reports" and "investigate report[s]" to impeach witnesses described in the Government's motion. Id. at 17; but see id. at 15 n.3 ("The United States' motion does not seek to proscribe or limit the use of investigative reports to refresh a witness's recollection.").

### B.   Good Character

The Government seeks to "exclude all evidence of [Defendant]'s general good character and evidence of specific instances of good conduct." Doc. No. [85], 5. According to the Government, Defendant may not introduce evidence that she generally is (1) "[a] family person who provides for her family"; (2) "religious";

6

(3) "[a] community participant"; or (4) "[a] kind, moral, or hard-working person." Id. at 7–8. So too, the Government explains, with concrete acts (5) "of public service, charitable work, or church work/activities"; (6) "of honesty"; (7) "of the lack of prior bad acts"; or (8) "of any other specific instances of 'good' conduct, including her 2010 to 2011 cooperation with the FBI regarding corruption in De[K]alb." Id. at 8.

Defendant makes three arguments against the Government's motion. Doc. No. [88], 19–20. First, courts must admit "evidence that 'a defendant is an honest and law-abiding citizen'" where character "bears on" guilt. Id. at 19. Second, that Fed. R. Evid. 608(a) allows opinions about the "truthfulness" of a defendant who "testifies and is attacked on cross examination." Id. Third, the Government may not exclude evidence about Defendant's "2010–2011 cooperation with the FBI regarding corruption . . . ." Id. at 20.

The Court grants in part and denies in part the Government's motion. Pursuant to Rules 404 and 405 of the Federal Rules of Evidence, Defendant cannot introduce evidence of specific acts to prove her good character unless the character trait is an essential element of a charge, claim, or defense. Rule 404(a)(2)(A) provides: "[a] defendant may offer evidence of the defendant's

7

pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it; . . ." Fed. R. Evid. 404(a)(2)(A).

Additionally, Rule 405 provides:

> (a) **By Reputation or Opinion.** When evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion. On cross-examination of the character witness, the court may allow an inquiry into relevant specific instances of the person's conduct.
> (b) **By Specific Instances of Conduct.** When a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct.

Fed. R. Evid. 405.

The Court grants the Government's motion concerning evidence about Defendant's general good character. The Eleventh Circuit has cautioned that "[e]vidence of good conduct is not admissible to negate criminal intent." United States v. Camejo, 929 F.2d 610, 613 (11th Cir. 1991). Consequently, a defendant cannot introduce evidence of prior good acts to portray the defendant as having a good character. Id.; see also United States v. Ellisor, 522 F.3d 1255, 1270-71 (11th Cir. 2008) (finding that district court properly excluded defendant's evidence of other allegedly legitimate business activities, noting that "[t]hese specific acts of

8

good character were inadmissible under Rules 404(b) and 405(b) to prove [the defendant's] action in conformity therewith"). The Court finds that Defendant may not use general evidence of her good character to prove that he acted in conformity with that character trait.

Binding precedent has recognized an exception to the general prohibition on good character evidence when "[t]he offense charged is crimen falsi; *i.e.*, a lie by the defendant is an element of the crime . . . ." United States v. Hewitt, 634 F.2d 277, 279 (5th Cir. 1981)[2] (citing Edgington v. United States, 164 U.S. 361, 363 (1896) ("Here the defendant was charged with a species of the crimen falsi, the rejected evidence[,] . . . [showing] defendant's general reputation for truth and veracity[,] . . . was material and competent.").

The Government charges that Defendant "corruptly accepted and agreed to accept a thing of value" Doc. No. [1], 6 (citing 18 U.S.C. § 666). An element of proving the Government's bribery count is proving that Defendant acted

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions rendered prior to the close of business on September 30, 1981, by the United States Court of Appeals for the Fifth Circuit."

9

corruptly. Under the Eleventh Circuit Pattern Jury Instruction and the Parties Proposed Jury Instructions, the term "corruptly" is defined as "to act voluntarily, deliberately, and dishonestly to either accomplish an unlawful end or result or to use an unlawful method or means to accomplish an otherwise lawful end or result." Doc. No. [95], 34; Eleventh Circuit Criminal Pattern Jury Instruction O24.2. Accordingly, Plaintiff has been charged with a crimen falsi because the Government must prove that Defendant acted dishonestly. See id. As such, Defendant may introduce evidence of specific incidents of honesty. See Fed. R. Evid. 405(b).

Accordingly, the Court finds that Defendant may introduce evidence by reputation and of specific instances to prove Defendant's pertinent trait for honesty. Defendant, however, may not introduce evidence regarding instances (i) "of public service, charitable work, or church work/activities"; (ii) "of the lack of prior bad acts"; and (iii) "of any other specific instances of 'good' conduct, including [Defendant's] 2010 to 2011 cooperation with the FBI . . . ." Doc. No. [85], 8.

And if Defendant introduces evidence of her good character, the Government may, in cross-examination, rebut Defendant's good character with

10

relevant specific instances of Defendant's bad character. Fed. R. Evid. 405(b). Accordingly, Defendant is precluded from introducing evidence regarding her general good character and specific instances of good character, except for introducing evidence about Defendant's character for truthfulness and veracity.

Accordingly, the Court **GRANTS IN PART AND DENIS IN PART** the Government's motion to exclude good character evidence. Defendant may introduce evidence of her character for truthfulness, either through reputation or specific evidence. However, Defendant may not introduce evidence of (i) "of public service, charitable work, or church work/activities"; (ii) "of the lack of prior bad acts"; and (iii) "of any other specific instances of 'good' conduct, including [Defendant's] 2010 to 2011 cooperation with the FBI . . . ."

### C. Charging Decisions

The Government "moves to exclude all evidence and arguments regarding its charging decisions." Doc. No. [85], 9.

First, the Government seeks to preclude argument about the Government's choice to prosecute Defendant and not prosecute other individuals who were involved in related crimes. Id. The Government explains this evidence "is irrelevant and only serves to divert the jury's attention to matters unrelated to

[Defendant's] guilt." Id. The evidence pertains to "charging decisions in other City of Atlanta corruption investigations." Id. at 10. In response, Defendant acknowledges that "charging decisions in other cases are normally out of bounds." Doc. No. [88], 22. However, Defendant argues that her "case is a very different situation." Id. ("The jury should be allowed to know which the prosecution seeks to hide, namely, that [Defendant] tried her best to uncover corruption . . . .").

Defendant, however, offers no authority that supports granting her an exception to the general rule. See id. at 21–22 (citing only the Government's Motion in Limine). Defendant indeed fails to refute that these decisions "[have] no probative value to the issues at trial and [serve] only to confuse or mislead the jury." Doc. No. [85], 10 (citing Fed. R. Evid. 402, 403).

Eleventh Circuit precedent also forecloses Defendant's argument. See United States v. Delgado, 903 F.2d 1495, 1499 (11th Cir. 1990) (admitting charging decisions "would create other serious problems at trial, and evidence of the government's decision likely would not be admissible"). In Delgado, the Eleventh Circuit explained:

> The government's decision not to prosecute a defendant on certain charges reflects, *at best*, the government's *opinion* that the defendant is not guilty. Thus, the opinion has no more evidentiary value than

12

> the opinion of the defendant's attorney, expressed during argument to the jury, that the defendant is not guilty.

See id. (affirming district court that "refus[ed] to admit into evidence the plea agreement and colloquy between [alleged co-conspirator] and the Government") (emphasis in original). The Court applies that logic here. In consequence, related charging decisions have no probative value to the issues at trial and would only serve to confuse or mislead the jury.

Second, the Government sought to exclude evidence about the availability of civil penalties for income tax violations. Doc. No. [85], 11. During the pendency of this Motion in Limine, the Government decided to dismiss Count Three of the Indictment, which charges Defendant with aiding and abetting in the preparation of a false tax report. Doc. No. [1]. Accordingly, this portion of the Government's argument regarding charging decisions is **DENIED** as **MOOT**.

Accordingly, Defendant is precluded from introducing evidence or making arguments regarding the fact that other individuals have not been charged for engaging in related conduct.

### D. Self-Serving Hearsay Statements

13

The Government "moves to exclude . . . out-of-court statements made by Defendant as inadmissible hearsay." Doc. No. [85], 17. Defendant attacks that broad stroke on three grounds. Doc. No. [88], 9, 11–12. First, hearsay "can be admitted when used to explain the conduct of the witness." Id. at 9. Second, that Fed. R. Evid. 106—"the rule of completeness"—allows one party to place another's party evidence "into context." Id. at 11 (quoting United States v. Langford, 647 F.2d 1309, 1330 (11th Cir. 2011). Third, Defendant "has every right to explain" conversations with the FBI "should [she] decide to testify." Id. at 13. The Court addresses these three attacks.

After review of the relevant authority, the Court upholds the Government's position to the extent that it seeks to exclude the Defendant from introducing self-serving hearsay statements through other witnesses. See United States v. Vernon, 593 F. App'x 883, 889–90 (11th Cir. 2014) (citing United States v. Cunningham, 194 F.3d 1186, 1199 (11th Cir. 1999)) ("The Sixth Amendment's Confrontation Clause guarantees a defendant an opportunity for effective cross-examination, but it does not guarantee cross-examination that is effective in any way he may wish. Her rights are satisfied if sufficient information is elicited from the witness for the jury to adequately assess the witness's possible motive or bias.

The district court has wide latitude to impose reasonable limits on cross-examination.

A defendant may not introduce her own exculpatory statement through another witness without subjecting himself to cross-examination.") (some citations omitted); see also United States v. Santos, 947 F.3d 711, 729 (11th Cir. 2020) (declining to conclude that the district court abused its discretion in admitting the first inculpatory part of defendant's statement and excluding the rest, which defendant asserted was exculpatory, where the alleged exculpatory part did not explain or clarify the earlier inculpatory part); United States v. Willis, 759 F.2d 1486, 1501 (11th Cir. 1985) ("Obviously, the defense sought to place [the defendant's allegedly exculpatory] remarks before the jury without subjecting [the defendant] to cross-examination. This is precisely what is forbidden by the hearsay rule.").

The Court's ruling is, however, conditional. More recently, the Eleventh Circuit has confirmed that it is proper to extend Rule 106 "to the exculpatory portions of a criminal defendant's post-arrest oral statements." United States v. Santos, 947 F.3d 711, 730 (11th Cir. 2020) (citations omitted). The cases cited in Defendant's Supplemental Brief apply to post-detainment statements. See United

States v. Baker, 432 F.3d 1189, 1223 (11th Cir. 2005), abrogated on other grounds by Davis v. Washington, 547 U.S. 813 (2006) (finding that the district court abused its discretion in denying the defendants request to introduce the defendant's post-arrest exculpatory statements under Rule 106). In U.S. v. Pacquette, 557 F. App'x. 933, 936 (11th Cir. 2014), the Eleventh Circuit held that the district court abused its discretion when precluding defense counsel from cross-examining the arresting officer about whether the defendant denied knowing that he was transporting cocaine. It is unclear whether the defendant in Paquette was questioned after he was officially placed under arrest; however, it is clear that the questioning occurred after the defendant was detained for possession of the cocaine. Id. The Court finds that the Rule of Completeness applies to a defendant's post-detainment statement.

To be clear, the rule of completeness does not automatically make the entire statement admissible. Cf. United States v. Ramirez, 658 F. App'x 949, 953 (11th Cir. 2016) (citations omitted). "Rather, 'the rule permits introduction only of additional material that is relevant and is necessary to qualify, explain, or place into context the portion already introduced.'" Id.; see also Santos, 947 F.3d at 730.

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the Government's Motion in Limine. Defendant may not introduce self-serving statements through witnesses other than Defendant; however, Defendant may introduce self-serving statements under the Rule of Completeness if the material is relevant and necessary to "qualify, explain, or place into context the portions [of the document] already introduced."

### E.     Subsequent Tax Actions

Finally, the Government "moves to preclude [Defendant] from presenting evidence that she later amended her 2016 tax return and paid taxes owed." Doc. No. [85], 18. During the pendency of this Motion in Limine, the Government decided to dismiss Count Three of the Indictment, which charges Defendant with aiding and abetting in the preparation of a false tax report. Doc. No. [1]. Accordingly, the Court **DENIES** this Motion in Limine as **MOOT**.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** the Government's Motion in Limine. Doc. No. [85].

The Court **GRANTS** the Government's motion regarding potential penalties or collateral consequences, jury nullification, discovery issues at trial,

17

and impeachment through investigative reports. Defendant is precluded from introducing this evidence at trial

The Court **GRANTS IN PART AND DENIES IN PART** the Government's motion to exclude good character evidence. Defendant may introduce evidence of her character for truthfulness, either through reputation or specific evidence. However, Defendant may not introduce evidence of (i) "of public service, charitable work, or church work/activities"; (ii) "of the lack of prior bad acts"; and (iii) "of any other specific instances of 'good' conduct, including [Defendant's] 2010 to 2011 cooperation with the FBI . . . ."

The Court **GRANTS IN PART AND DENIES IN PART** the Government's motion regarding self-serving statements. Defendant may not introduce self-serving statements through witnesses other than Defendant; however, Defendant may introduce self-serving post-detainment statements under the Rule of Completeness if the material is relevant and necessary to "qualify, explain, or place into context the portions [of the document] already introduced."

The Court **GRANTS** the Government's motion to exclude evidence of its charging decisions with respect to introducing evidence or making arguments

18

regarding the fact that other individuals have not been charged for engaging in related conduct.

The Court **DENIES AS MOOT** the Government's motion regarding potential civil penalties for Plaintiff's tax-related charge and Defendant's subsequent tax actions.

**IT IS SO ORDERED** this _____ day of September, 2022.

_____

**HONORABLE STEVE C. JONES**

**UNITED STATES DISTRICT JUDGE**