# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| | **CRIMINAL CASE** |
| **v.** | |
| | **No. 1:20-CR-216-SCJ** |
| **JO ANN MACRINA** | |

## ORDER

This matter appears before the Court on Defendant's Out-of-Time Motion to Admit Statements She Made to FBI Agents on March 4, 2019, and to Exclude Improper Lay Opinions of Agent Davis. Doc. No. [105].[1] Because opening statements are scheduled to begin at 9:00 AM on October 6, 2022, the Court issues this Order even though the Government has not gotten an opportunity to respond.

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

The Court considers the instant Motion to be a motion for reconsideration instead of a motion in limine. Defendant's Motion requests that the Court admit certain portions of the transcript of Defendant's March 4, 2019 meeting with the FBI and to limit the potions of the transcript where Agent Davis gives lay witness opinions.

### A. Agent Davis's Lay Opinions

As an initial matter, the Court denied Defendant's Motion in Limine regarding Agent Davis's lay opinions (Doc. No. [83]) as moot. Doc. No. [99], 17. The Government responded by stating that it would not seek to admit the statements identified in the Motion. Doc. No. [86], 12. Thus, the Government is precluded from introducing the statements referenced in Defendant's Motion in Limine (Doc. No. [83]).

The instant Motion suggests that there are additional portions of the transcript that Defendant seeks to exclude. However, Defendant did not list or attach the specific statements she seeks to exclude to the Motion.[2] Because opening statements are scheduled to begin at 9:00 AM on October 6, 2022, and

---

[2] Defendant offered to provide the Court with a highlight copy of the transcript. Doc. No. [105], 3 n.3. The Court notes that Defendant filed said Motion the day before opening statements and the day after *voir dire*.

2

the Court does not know the specific portions of the transcript that Defendant is objecting to, the Court denies the instant motion in limine. To the extent that there are additional statements of Agent Davis that Defendant seeks to exclude, Defendant may raise specific objections to those statements at trial.

### B. Rule of Completeness

The remainder of Defendant's Motion concerns the admission of Defendant's statements from the March 4, 2019, meeting between Defendant and the FBI. The Court finds that this portion of the Motion is a motion for reconsideration. On September 30, 2022, the Court ruled that Defendant generally may not introduce self-serving statements through other witnesses; however, Defendant may be permitted to introduce post-detainment self-serving statements under the Rule of Completeness. Doc. No. [101], 14–17. Defendant's Motion argues that exculpatory statements from the March 4, 2019 Meeting are admissible under the Rule of Completeness because the Rule is not limited to post-detainment statements. Doc. No. [105], 5 n.5. Because the Court specifically ruled on this issue in its Order on the Government's Motion in Limine (Doc. No. [101]), the Court will review Defendant's arguments under the standard for a motion for reconsideration.

The decision to grant a motion for reconsideration is committed to the district court's sound discretion. Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs., 225 F.3d 1208, 1216 (11th Cir. 2000). Under the Local Rules, a party should only file a motion for reconsideration when "absolutely necessary." L.R. N.D. Ga. 7.2(E). "Reconsideration is only 'absolutely necessary' where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003).

Further, a motion for reconsideration is not "a vehicle to present new arguments or evidence that should have been raised earlier" or "repackage familiar arguments to test whether the Court will change its mind." Brogdon ex rel. Cline v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000), see also Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010) (quoting Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005)) ("A motion for reconsideration cannot be used 'to litigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'").

Presumably, Defendant argues that the Court made a clear error in law when it ruled that the Rule of Completeness, with regard to self-serving

4

statements, does not apply to pre-detainment statements. Doc. No. [105], 5 n.5. Defendant does not provide any binding Eleventh Circuit precedent where the court found that pre-detainment self-serving statements are admissible under the Rule of Completeness. See id. Additionally, there is a general prohibition on self-serving statements because they lack trustworthiness and reliability. United States v. Willis, 759 F.2d 1486, 1501 (11th Cir. 1985). The Eleventh Circuit has further held that "[a] defendant may not introduce his own exculpatory statement through another witness without subjecting himself to cross-examination." United States v. Vernon, 593 F. App'x 883, 889–90 (11th Cir. 2014) (citing United States v. Cunningham, 194 F.3d 1186, 1199 (11th Cir. 1999)); see also United States v. Willis, 759 F.2d 1486, 1501 (11th Cir. 1985) ("Obviously, the defense sought to place [the defendant's allegedly exculpatory] remarks before the jury without subjecting [the defendant] to cross-examination. This is precisely what is forbidden by the hearsay rule.").

The statements that Ms. Macrina seeks to admit are the exact kind that the Eleventh Circuit warns about; they are statements that offer exculpatory explanations about alleged gifts, money, and other things of value that Ms. Macrina received from Mr. Jafari. Doc. No. [105], 7–9. At the same time, the Court

acknowledges that the Eleventh Circuit has made a carve-out for certain self-serving statements under the Rule of Completeness; however, those cases involved post-detainment or post-arrest statements. See Doc. No. [101], 15–16 (citing United States v. Santos, 947 F.3d 711, 7730 (11th Cir. 2020), United States v. Baker, 432 F.3d 1189, 1223 (11th Cir. 2005), U.S. v. Pacquette, 557 F. App'x 933, 936 (11th Cir. 2014)). Defendant has not provided the Court with any cases where the admitted self-serving statements occurred pre-detainment.

Given the prohibition on the introduction of self-serving statements and the lack of binding precedent regarding the introduction of pre-detention self-serving statements, the Court finds that it did not clearly err in its ruling on the Government's Motion in Limine regarding self-serving statements. Accordingly, Defendant may not generally introduce self-serving statements through witnesses other than Defendant; however, Defendant may introduce post-detainment self-serving statements under the Rule of Completeness if the material is relevant and necessary to "qualify, explain, or place into context the portions [of the document] already introduced."

The Court notes that Defendant is not forbidden from introducing testimony regarding her explanations for receiving any money, gifts, or things of

value from Mr. Jafari; the Eleventh Circuit requires, however, that the testimony comes from Defendant and that Defendant be subject to cross-examination.

For the foregoing reasons, the Court **DENIES** Defendant's Motion in Limine. Doc. No. [105].

**IT IS SO ORDERED** this 5th day of October, 2022.

/s/ Steve C. Jones
_____
**HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE**