IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| | **CRIMINAL CASE** |
| **v.** | |
| | **No. 1:20-CR-216-SCJ** |
| **JO ANN MACRINA** | |

### ORDER

This matter appears before the Court on Defendant's out-of-time Motion to Exclude Expert Testimony from Jabu Sengova. Doc. No. [108].[1] The Government has not responded to the Motion. Because opening statements are scheduled to begin at 9:00 AM on October 6, 2022, the Court issues this ruling.

Following *voir dire*, Defendant alerted the Court that the Government intends to introduce evidence regarding the City of Atlanta Ethics Code through Sengova. Sengova is the City Ethics Officer for the City of Atlanta. Doc. No. [108],

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

2. Ms. Sengova is also responsible for ethics education and training. Id. During the hearing, Defendant objected to the introduction of this testimony and categorized it as expert testimony. The Government responded by arguing that it would not elicit expert testimony from Sengova. Defendant then filed the instant Motion to exclude Sengova's expert testimony.

The Court denies Defendant's motion as moot. The Government explained to the Court that it did not intend to elicit expert testimony from Sengova. Accordingly, the instant Motion is moot.

Defendant argues, however, that "[i[f the government intends to elicit testimony from Ms. Sengova" related to whether "the 'Ethics Code is the code of conduct for all City of Atlanta Employees and they are all bound by it,'" whether Defendant was bound by the Ethics rules, or about financial disclosures, "then the government will be eliciting impermissible expert testimony from Ms. Sengova (whether it intends to do so or not)." Id. at 3. The Court disagrees.

The Court finds that Sengova may offer this testimony as a lay witness. Rule 701 of the Federal Rules of Evidence governs lay witness testimony, "which limits the testimony to opinions that are "rationally based on the witness's perception"; "helpful to clearly understanding the witness's testimony or to

determining a fact in issue"; and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." United States v. Jeri, 869 F.3d 1247, 1265 (11th Cir. 2017) (citing Fed. R. Evid. 701). "Rule 701 does not prohibit lay witnesses from testifying based on particularized knowledge gained from their own personal experiences." Id. (quoting United States v. Hill, 643 F.3d 807, 841 (11th Cir. 2011)).

Jeri goes on to state, "but '[j]ust because [a lay witness's] position and experience could have qualified him for expert witness status does not mean that any testimony he gives at trial is considered 'expert testimony.'" Id. (quoting United States v. LeCroy, 441 F.3d 914, 927 (11th Cir. 2006)). "Lay witnesses may draw on their professional experiences to guide their opinions without necessarily being treated as expert witnesses. Indeed, law-enforcement officers can testify as lay witnesses even though their expertise often makes them more efficient or productive at their jobs." Id.

In Jeri, the Eleventh Circuit found that the challenged witness was a lay witness, not an expert. Id. The witness testified about his experience interviewing drug couriers, his experience conducting narcotics investigations, and his prior experiences with drug couriers whose cases were factually similar to the

defendant. Id. The Eleventh Circuit ultimately held that "[h]is testimony was not improper expert testimony; it merely showed [the witness's] familiarity with narcotics investigations and his experience interviewing drug couriers, which had been developed during his tenure as a law-enforcement officer." Id.

In the case *sub judice*, Sengova may also testify as a lay witness. According to Defendant's Motion, Sengova's testimony will likely draw on her experience as the City Ethics Officer for the City of Atlanta and will discuss her familiarity with training city employees on the City of Atlanta Ethics Code, which she developed during her tenure as the City Ethics Officer. Doc. No. [108], 2. This is the same kind of testimony deemed admissible lay witness testimony in Jeri. Accordingly, the Court denies Defendant's Motion.

The Court, however, does prohibit the Government from eliciting testimony about Defendant's subjective mental state and from giving expert testimony through Sengova.

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Exclude Jabu Sengova's Expert Testimony as **MOOT**. Doc. No. [108].

**IT IS SO ORDERED** this 5th day of October, 2022.

/s/ Steve C. Jones
_____
**HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE**